# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BELINDA NIGRO**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 3636 |
| ) | |
| **THOMAS DART**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pro se prisoner plaintiff Belinda Nigro ("Nigro") has used the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to sue Cook County Sheriff Thomas Dart because of what the Complaint ¶ IV "Statement of Claim" describes as intolerable living conditions to which she has been subjected while an inmate at the Cook County Department of Corrections ("County Jail"). Nigro has accompanied her Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Assistance ("Motion"). This memorandum order is issued sua sponte to address some obviously problematic aspects of Nigro's filing.

On the first order of business as dictated by Congress in 28 U.S.C. § 1915 ("Section 1915"), Nigro's Application has not complied with the requirement of Section 1915(a)(2) that she must "submit a certified copy of the trust fund account statement (or institutionally equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" -- an omission that is troubling in more than one respect, for the Application form contains a specific

"NOTICE TO PRISONERS" just below the space provided for the prisoner's signature, and that "NOTICE" spells out that requirement and underlines it for emphasis. Accordingly Nigro is ordered to cure that omission by providing a supplemental filing on or before June 12, 2017, failing which this Court may have to determine whether this action should be dismissed for lack of prosecution.

As for the Motion, only a brief parenthetical statement is necessary. At the one important blank space in the form -- that calling for a statement about a plaintiff's attempts to obtain legal representation on his or her own -- Nigro has simply hand-printed in "N/A." But that blank reflects a requirement for a pro se prisoner plaintiff to confirm that he or she has made such an effort, for our Court of Appeals requires that as a precondition to a District Judge's consideration as to whether a member of this District Court's trial bar should be enlisted to assist a plaintiff in pursuing his or her lawsuit. At this point, then, the Motion must be denied without prejudice.

That leaves one critical item on which Nigro's complaint is totally silent -- the provision that Congress has prescribed in 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Nothing in the Complaint even hints at any attempt by Nigro to pursue an administrative remedy before turning to the federal courts for relief. Again June 12, 2017 is set as the due date for filing an amendment to the Complaint to deal with that subject, once more with the prospect of

dismissal for want of prosecution if Nigro has not complied with that requirement.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: May 18, 2017

---

[1] Two counterparts of any filing or filings by Nigro called for by this memorandum order must be transmitted to the District Court, one addressed to the Clerk's Office:

>   Office of the Clerk
>   United States District Court
>   219 South Dearborn Street
>   Chicago, Illinois  60604,

and the other addressed to this Court's chambers:

>   Honorable Milton Shadur
>   United States District Court
>   219 South Dearborn Street
>   Suite 2388
>   Chicago, Illinois  60604.